```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

ROBERT A. CRAIG, III,          :      Civil No. 09-6513 (RMB)
                               :
            Petitioner,        :
                               :
      v.                       :      **MEMORANDUM OPINION**
                               :
DONNA ZICKEFOOSE,              :
                               :
            Respondent.        :
                               :

It appearing that:

1.  On or about August 29, 2009, Robert A. Craig, III, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that the failure to place him in a community corrections center ("CCC") for more than seven weeks violates the Second Chance Act, as interpreted in Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009).

2.  The Second Chance Act modified the pre-release custody placement statute by (1) doubling the pre-release placement period from six to 12 months, (2) requiring the BOP to make CCC placement decisions on an individual basis, and (3) requiring the BOP to ensure that, consistent with the factors in 18 U.S.C. § 3621(b), the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. See 18 U.S.C. § 3624(c).

3.  Petitioner asserts the following facts.  Petitioner is serving a 24-month term of imprisonment imposed by the United

States District Court for the Eastern District of Virginia on December 24, 2008, based on his guilty plea to one count of possession of material containing child pornography and one count of criminal forfeiture.  Judge Mark S. Davis also imposed a 35-year term of supervised release.  Petitioner's projected release date is June 23, 2010.  Petitioner asserts that, after he requested a 12-month CCC placement, on May 11, 2009, BOP officials determined to place him in a CCC for the final seven weeks of his sentence.  He maintains that exhaustion of the BOP's administrative remedy program should not be required because he is challenging the BOP's policy of not giving any inmate more than six months, as set forth in memoranda dated April 114, 2008, and November 14, 2008, and because the exhaustion of administrative remedies would render his case moot, since the final 12 months of his 24-month sentence began on June 23, 2009.  Petitioner asks this Court to (1) excuse the failure to exhaust administrative remedies; (2) direct the BOP to consider his placement for a 12-month period or the time remaining on his sentence, without regard to the limitations set forth in the aforesaid memoranda; and (3) reduce his period of supervised release.  On January 8, 2010, Petitioner filed a motion for a preliminary injunction and telephone conference.

   4.  The Habeas Rules require the assigned judge to review a habeas petition upon filing and to <u>sua sponte</u> dismiss the

petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

    5.  The Supreme Court explained the pleading and summary dismissal requirements of  Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  <u>See also</u> Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should

3

> not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

6. The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. § 542.18. And the regulation provides that if the

inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level.  Id.

7.  Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241."  Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

8.  Petitioner admits that he did not exhaust administrative remedies.  He maintains that he should be excused from pursuing administrative relief because he is challenging the BOP's policy set forth in two memoranda of not giving CCC placements for more

than six months and because exhaustion would render his case moot, since the final 12 months of the sentence began on June 23, 2009.

9. This Court rejects Petitioner's contention that exhaustion should be excused because exhaustion of administrative relief would render his claim moot. Congress adopted the Second Chance Act on April 9, 2008. Petitioner knew since December 24, 2008, the day of sentencing, that if he were given a 12-month CCC placement, his placement would begin on June 23, 2009.[1] Petitioner clearly could have pursued administrative relief prior to June 23, 2009.[2]

10. Petitioner also contends that exhaustion would be futile and he should be excused from pursuing administrative relief because he is challenging the BOP's policy of not placing inmates in a CCC for more than six months. He asserts that on November 14, 2008, the Assistant Director of the General Counsel issued a second memorandum (docket entry 2-1) referring to the April 14, 2008, memorandum. The problem with this argument is that Petitioner has not attached any BOP determination regarding his 7-week placement indicating that the BOP relied on a policy

---

[1] Moreover, this Court issued the Strong v. Schultz decision on February 26, 2009.

[2] This is so even if BOP officials did not determine Petitioner's placement date before June 23, 2009. Like Strong, Petitioner could have pursued administrative relief on the ground that officials failed to make a timely placement decision.

of limiting CCC placements to only six months.  Unlike the situation in <u>Strong</u> where the BOP expressly relied on a BOP-issued memorandum limiting placements to six months, in this case, the BOP has not issued a written placement decision which relies on the BOP's letter limiting placements to six months.  Thus, if Petitioner were to pursue administrative relief, it is conceivable that the Regional Director or the Central Office may overturn Petitioner's seven-week placement and direct staff to consider Petitioner for a placement longer than six months.

    11.  Under these circumstances, this Court sees no reason to excuse Petitioner's failure to exhaust administrative remedies.  <u>See</u> <u>Brown v. Grondolsky</u>, 2009 WL 2778437 (D.N.J. Aug. 31, 2009) (dismissing § 2241 petition for failure to exhaust where petitioner argued that exhaustion was unavailable because the warden did not consider CCC placement prior to the final 12-month period of sentence and futile because warden said it was not necessary to comply with <u>Strong</u>); <u>Huggins v. Grondolsky</u>, 2009 WL 2413658 (D.N.J. Aug. 4, 2009) (dismissing § 2241 petition for failure to exhaust where petitioner argued that the time sensitive nature of CCC placement excused failure to exhaust); <u>Cooper v. Grondolsky</u>, 2009 WL 2049168 (D.N.J. July 8, 2009) (same); <u>Shoup v. Schultz</u>, 2009 WL 1544664 at *4 (D.N.J. June 2, 2009) ("While Petitioner invites this Court to reach an umbrella conclusion that no exhaustion of administrative remedies is ever

required for any litigant raising a § 2241 challenge on the grounds of the Second Chance Act, this Court declines the invitation and finds that such holding would fly in the face of the Third Circuit's teaching - as to the firmness of the exhaustion requirement").

12. Because the face of the Petition establishes that Petitioner failed to exhaust administrative remedies regarding his CCC placement under the Second Chance Act and because Petitioner has not shown that the failure to exhaust should be excused, this Court will dismiss the Petition without prejudice for failure to exhaust administrative remedies and deny the motion for a preliminary injunction as moot. Id. The dismissal is without prejudice to the filing of a new § 2241 petition after Petitioner exhausts administrative relief. See Lindsay v. Williamson, 271 Fed. App'x. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit").

13. An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: January 15, 2010