**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ROBERT A. CRAIG, III,         :       Civil No. 09-6513 (RMB)
                              :
          Petitioner,         :
                              :
     v.                       :       MEMORANDUM OPINION
                              :
DONNA ZICKEFOOSE,             :
                              :
          Respondent.         :
                              :
```

**BUMB, District Judge**

Petitioner Robert A. Craig, III, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that the failure of the Bureau of Prisons ("BOP") to transfer him to a community corrections center ("CCC") for more than seven weeks violates the Second Chance Act. By Order and Opinion entered January 15, 2010, this Court dismissed the Petition for failure to exhaust administrative remedies. Petitioner thereafter filed a motion to alter or amend the judgment and an amended petition, and this Court reopened the file. This Court will deny the motion and dismiss the Amended Petition as moot because the BOP released Petitioner from custody on June 23, 2010.

## I.   BACKGROUND

At the time he filed the Petition, Petitioner was in the custody of the BOP and incarcerated at FCI Fort Dix. Petitioner claimed that the failure to transfer him to a CCC for 12 months

violated the Second Chance Act.  This Court dismissed the Petition for failure to exhaust administrative remedies and Petitioner thereafter filed a motion to alter or amend the judgment and an Amended Petition.  On June 23, 2010, the BOP released Petitioner from its custody.  See Fed. Bur. of Prisons, Inmate Locator, http://www.bop.gov/iloc2/InmateFinder Servlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=58348-083&x=17&y=7 (last accessed July 12, 2010).

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338,

342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition.  See Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235 (3d Cir. 2005).  The question here is whether BOP's release of Petitioner from its custody upon expiration of his term of imprisonment caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or

3

controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired. The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot. See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison and a notation had been placed in his file stating that the transfer should have no bearing in any future

determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated").

In this case, Petitioner challenges the failure to place him in a CCC for the final 12 months of his federal sentence. It is undisputed that BOP released Petitioner from its custody on June 23, 2010, upon the expiration of his term of imprisonment. When the BOP released Petitioner from custody, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment); Burkey v. Marberry, 556 F. 3d 142 (3d Cir. 2009) (petitioner's release from custody caused § 2241 petition challenging denial of early release to become moot). Accordingly, the Court dismisses the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

                            s/Renée Marie Bumb
                            **RENÉE MARIE BUMB**
                            **United States District Judge**

Dated: July 14, 2010